UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
KAREN SCOTT,

                    Plaintiff,

      -against-

WPIX, INC.,

                    Defendant.
------------------------------X

10 Civ. 4622 (WHP)

MEMORANDUM & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/17/12

WILLIAM H. PAULEY III, District Judge:

      Plaintiff Karen Scott ("Scott") asserts age discrimination claims against her former employer, Defendant WPIX, Inc. ("WPIX"). WPIX moves <u>in limine</u> to exclude certain evidence from trial. For the following reasons, WPIX's motions <u>in limine</u> are granted in part and denied in part.

## BACKGROUND

      This Court's Memorandum and Order dated December 21, 2011 describes the background of this action. <u>See</u> <u>Scott v. WPIX</u>, 10 Civ. 4622 (WHP), 2011 WL 6425017, at *1 (S.D.N.Y. Dec. 21, 2011).

## DISCUSSION

### I. Tong & Marvin Testimony

WPIX moves to exclude the testimony of two WPIX employees, Kaity Tong ("Tong") and Marvin Scott ("Marvin").[1] Tong has worked as a News Anchor since 1992. Marvin has worked at WPIX since 1990 and is currently a Senior Correspondent. Scott asserts that they will testify about (1) age discrimination they experienced as WPIX employees and (2) Scott's work performance.

#### A. Testimony Concerning Age Discrimination

WPIX argues that Tong and Marvin's testimony concerning age discrimination they experienced at WPIX should be excluded on hearsay and relevance grounds. Both Tong and Marvin will testify that Scott's supervisor, Betty Ellen Berlamino ("Berlamino") made various age-related comments about them. For example, Tong will testify that when Tong was sixty years old, Berlamino said she was "too old" to be anchoring. And Marvin will testify that Berlamino wondered aloud in 2008, "why doesn't he just retire already." Tong and Marvin admit that neither of them ever heard Berlamino make those statements. Rather, Scott passed along Berlamino's comments. Additionally, Tong will testify that in June 2009, when Tong was sixty years old, Berlamino issued Tong a Performance Expectation Memo ("PEM") and cut her salary. Marvin will testify that Berlamino demoted him in September 2009 when she transferred him to weekend reporting. Marvin was seventy-two years old at that time.

To the extent that Tong and Marvin learned about Berlamino's age-related comments through Scott or another person, their testimony concerning those comments is

---

[1] WPIX also moved to exclude the testimony of two former employees—Larry Hoff ("Hoff") and Salvatore Marchiano ("Marchiano"). Scott indicates that she will not call Hoff and Marchiano as witnesses at trial. Accordingly, this portion of WPIX's motion is denied as moot.

inadmissible. See Fed. R. Evid. 801. Berlamino's comments to Scott are not hearsay because they are offered against WPIX and concern matters within the scope of Berlamino's agency relationship with WPIX. See Fed. R. Evid. 801(d)(2)(D). But Scott's subsequent conveyance of Berlamino's statements to Tong and Marvin constitutes hearsay for which there is no exclusion or exception. Accordingly, WPIX's motion to exclude that testimony by Tong and Marvin is granted.

However, assuming Scott testifies about Berlamino's age-related comments concerning Tong and Marvin, Tong and Marvin may testify about employment actions WPIX took against them. See Fed. R. Evid. 104(b). "[T]he testimony of other employees about their treatment by the defendant is relevant to the issue of the employer's discriminatory intent." Zubalake v. UBS Warburg, LLC, 382 F. Supp. 2d 536, 544 (S.D.N.Y. 2005); see also Rifkinson v. CBS, Inc., No. 94 Civ. 07985 (JCF), 1997 WL 634514, at *2 (S.D.N.Y. Oct. 14, 1995).

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice [or] . . . wasting time . . . ." See Fed. R. Evid. 403. There is "unfair prejudice" if the evidence has "a tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 advisory committee's note. Here, the probative value of Tong and Marvin's testimony is not substantially outweighed by the risk of unfair prejudice because Tong and Marvin's allegations of discrimination are similar to Scott's. See Fed. R. Evid. 403; see also Zubalake, 382 F. Supp. 2d at 544. Like Scott, Tong and Marvin's allegations concern age discrimination by WPIX. Moreover, Berlamino was allegedly the primary decision-maker involved in the adverse conduct against Tong, Marvin, and Scott. Cf. Martin v. Reno, No. 96 Civ. 7646 (NRB), 2000 WL 1863765, at *4 (S.D.N.Y. Dec. 19, 2000) (excluding witness from testifying about discrimination

3

when testimony was "far afield" from plaintiff's claims). Further, because Tong and Marvin's allegations are similar to Scott's claims, the danger of wasting time does not substantially outweigh the probative value of this evidence. Cf., e.g., Castro v. City of New York, No. 06 Civ. 2253 (KAM), 2009 WL 246114, at *7 (E.D.N.Y. Aug. 10, 2009) (excluding witness testimony where testimony was not probative); Martin, 2000 WL 1863765, at *4.

Haskell v. Kaman Corporation, 743 F.2d 113, 122 (2d Cir. 1984), on which WPIX relies, is inapposite. In Haskell, the Second Circuit held that statistical data concerning discrimination by the defendant-employer was inadmissible. 743 F.2d at 121-22. The Second Circuit reasoned that the sample size was too small to be probative of a "pattern and practice" and that "the danger of unfair prejudice" outweighed any value of that evidence. Haskell, 743 F.2d at 121-22. However, as in Zubalake, Scott offers Tong and Marvin's testimony to show Berlamino's discriminatory intent and not to show a "pattern and practice." Accordingly, Haskell does not control. See Zubalake, 382 F. Supp. 2d at 546 n.5.

WPIX also contends it will be prejudiced because jurors will give Tong and Marvin's testimony undue credence because of their celebrity status in the television news business. But again, because this testimony is relevant to discriminatory intent, such a danger does not substantially outweigh the probative value of the evidence. Cf. Lidle v. Cirrus Design Corp., No. 08 Cv. 1253 (BSJ) (HBP), 2011 WL 1642339, at *1-2 (S.D.N.Y. Apr. 25, 2011) (precluding plaintiff from offering testimony of five high-profile baseball players to testify about plaintiff's character, which was irrelevant). Moreover, if WPIX is concerned that jurors will give Tong and Marvin's testimony undue weight, the Court can address that concern through an appropriate curative instruction at the time they testify. Cf. Zoll v. Ruder Finn, Inc., No. 02 Civ. 3652 (CSH), 2004 WL 527056, at *3 (S.D.N.Y. Mar. 16, 2004).

4

Finally, Scott does not offer this testimony as character evidence in violation of Federal Rule of Evidence 404(a). Rather, she offers it to show discriminatory intent. See Zubalake, 382 F. Supp. 2d at 544.

B. Job Performance

WPIX also moves to exclude Tong and Marvin's testimony concerning Scott's job performance. Specifically, Tong and Marvin will testify that Scott was an exemplary news director and that she ran the newsroom well.

First, WPIX contends that because Tong and Marvin lack personal knowledge of the decision-making process leading to Scott's termination, their testimony concerning her job performance should be precluded. See Fed. R. Evid. 602. But WPIX's argument misses the mark. Tong and Marvin will testify about their observations and opinions of Scott as a news director, not about the decisions leading to her termination. Such testimony is based on the personal knowledge they gained after working with her. Cf. Hester v. BIC Corp., 225 F.3d 178, 183-84 (2d Cir. 2000) (excluding testimony where witnesses admitted they did not observe plaintiff working).

Second, WPIX argues that Tong and Marvin's testimony is irrelevant because they were not Scott's supervisors and were not in a position to evaluate her work. See Fed. R. Evid. 401, Fed. R. Evid. 402; see also Hamza v. Saks Fifth Ave., Inc., No. 07 Civ. 5974 (FPS), 2011 WL 6187078, at *9 (S.D.N.Y. Dec. 5, 2011). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is admissible unless an exception applies. See Fed. R. Evid. 402. But WPIX's reliance on Hamza, is misplaced. While the Hamza court noted that the witness was not plaintiff's supervisor when

it precluded her testimony, that alone was not a deciding factor. Rather, the court based its decision on its observation that the witness's testimony would not rebut defendant's contention that it terminated plaintiff because it "received complaints from other coworkers, customers and vendors." See Hamza, 2011 WL 6187078, at *9. Here, however, the testimony could rebut allegations of Scott's performance deficiencies contained in an e-mail Berlamino wrote to Myrna Ramirez ("Ramirez"), Vice President of Human Resources, shortly before Scott's termination ("the Berlamino e-mail"). See Gladwin v. Pozzi, No. 06 Civ. 0650 (JFK), 2010 WL 245575, at *9 (S.D.N.Y. Jan. 22, 2010). Accordingly, WPIX's motion in limine is denied with respect to this testimony.

II. Scott's Testimony Concerning Berlamino's Age-Related Comments

WPIX also objects to Scott testifying about age-related remarks Berlamino made concerning other WPIX employees. For example, Scott will testify that Berlamino told her that Tong was "too old" to be anchoring all the time. "In actions brought under the ADEA, age-related remarks by an employer which concern employment opportunities . . . have been held relevant and admissible, notwithstanding that such remarks were not directed specifically at the ADEA plaintiff." Nobler v. Beth Israel Med. Ctr., 735 F. Supp. 65, 67 (S.D.N.Y. 1990); see also Ostrowski v. Atl. Mut. Ins. Cos., 968 F.2d 171, 182 (2d Cir. 1992). "[S]tatements concerning age that are overly remote in time from the challenged employment action, or that do not bear on age in the context of employment decision-making, may lack relevance and be inadmissible on that ground." Nobler, 753 F. Supp. at 67. Here, there is no contention that these statements are overly remote from the time of the challenged action. And, as discussed above, such statements that Berlamino made to Scott are not hearsay. See Fed. R. Evid. 801(d)(2)(D). Accordingly, WPIX's motion is denied regarding this testimony, and Scott may testify about age-related

6

comments that Berlamino made to her concerning other WPIX employees in the employment decision-making context.

III. Petterson's Testimony

WPIX also seeks to exclude Lauren Petterson ("Petterson") from testifying. Petterson was employed as an Executive Producer at WPIX from 2002 to April 2007. Scott was Petterson's supervisor. Petterson will testify (1) about Scott's performance and (2) about age-related comments that Berlamino made about WPIX employees.

WPIX objects to Petterson's testimony concerning Scott's performance on relevance grounds. See Fed. R. Evid. 401; 402. WPIX reiterates its argument that because Petterson was not Scott's supervisor, her testimony is irrelevant. See Hamza, 2011 WL 6187078, at *9. But for the reasons discussed above, Petterson's testimony concerning Scott's work performance is relevant to the extent it rebuts the allegations made in the Berlamino e-mail. WPIX additionally contends that because Petterson left WPIX in 2007, any testimony she offers concerning Scott's job performance is too remote from Scott's August 2009 termination, and accordingly, is irrelevant. But the Berlamino e-mail details purported performance deficiencies dating back to 2004. Accordingly, Petterson's testimony is potentially relevant if it rebuts those allegations. WPIX's motion in limine is denied regarding this testimony.

Petterson may not, however, testify about age-related comments that Berlamino made to her concerning WPIX employees. While such comments can potentially be relevant, any comments about which Petterson will testify are too remote. See Nobler, 753 F. Supp. at 67. Indeed, Petterson left WPIX almost two and a half years before WPIX terminated Scott. Thus, WPIX's motion in limine is granted in this respect

## CONCLUSION

For the foregoing reasons, WPIX's motions in limine are granted in part and denied in part. WPIX's motion precluding Tong, Marvin, and Petterson from testifying about Berlamino's age-related statements is granted. WPIX's motion to preclude Tong and Marvin from testifying about age discrimination they experienced at WPIX is denied. WPIX's motion precluding Tong, Marvin, and Petterson from testifying about Scotts' job performance is denied. WPIX's motion precluding Scott's testimony about Berlamino's age-related statements is denied. WPIX's motion to preclude the testimony of Hoff and Marchiano is denied as moot. The Clerk of the Court is directed to terminate the motions pending at ECF. Nos. 38 and 41.

Dated: May 17, 2012
New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Copies mailed to*:

Kenneth Jason Rubinstein
Haynes and Boone, LLP
30 Rockefeller Plaza
26th Floor
New York, NY 10112
*Counsel for Plaintiff*

Edward Cerasia, II
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
1745 Broadway
22nd Floor
New York, NY 10019
*Counsel for Defendant*