USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/11/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
KAREN SCOTT,

       Plaintiff,    10 Civ. 4622 (WHP)

  -against-      MEMORANDUM & ORDER

WPIX, INC.,

       Defendant.
------------------------------------X

WILLIAM H. PAULEY III, District Judge:

    Defendant WPIX, Inc. moves—pursuant to Federal Rule of Civil Procedure 54, Local Rules 30.1 and 54.1, and 28 U.S.C. §§ 1821(b), 1920, and 1923—for fees and costs totaling $23,126.95 against Plaintiff Karen Scott. Specifically, WPIX seeks $8,616.58 in attorneys' fees and costs incurred for attendance at two depositions; $8,961.53 in costs for trial transcripts; and $5,558.84 in costs incurred for the deposition transcripts of certain trial witnesses. For the foregoing reasons, WPIX's motion is granted in part and denied in part.

## DISCUSSION

### I. Legal Standard

    Applications for costs are governed by Federal Rule of Civil Procedure 54(d)(1), which provides in part that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Costs include transcripts that were "necessarily obtained" for use in trial or on appeal. 28 U.S.C. § 1920; Local Civil Rule 54.1(c)(1). Depositions costs are taxable if the deposition was used or received in evidence at trial. Local Civil Rule 54.1(c)(2). But depositions taken solely for discovery are not taxable. Local Civil Rule 54.1(c)(2). When,

however, a deposition is "taken at a place more than one hundred miles from the courthouse, any party may request the Court to issue an order providing that prior to the examination, another party shall pay the expense[.]" Local Civil Rule 30.1.

II. Trial Transcript Costs

WPIX seeks $8,961.53 in costs for daily trial transcripts. "To assess the losing party with the premium costs of daily transcripts, necessity—beyond the mere convenience of counsel—must be shown." Galella v. Onassis, 487 F.2d 986, 999 (2d Cir. 1973). Necessity is determined by "the length and complexity of the case, whether more than one attorney for the requesting party was present at the trial, whether the transcript was a mere convenience, and other extraordinary circumstances." Farberware Licensing Co. v. Meyer Marketing Co., No. 09 Civ. 2570 (HB), 2009 WL 5173787 at *4 (S.D.N.Y. Dec. 30, 2009). Courts routinely deny requests for costs of daily transcripts absent extraordinary circumstances. Farberware Licensing Co., 2009 WL 5173787 at *4. Here, WPIX cannot demonstrate that daily trial transcripts were necessarily obtained for use in the case because the trial was relatively short and any one of WPIX's three attorneys could have taken notes during the proceedings. See Bucalo v. East Hampton Union Free Sch. Dist., 238 F.R.D. 126, 129 (E.D.N.Y. 2006). Accordingly, WPIX's motion for daily trial transcript costs is denied.

III. Attorneys' Fees and Costs associated with the Charlier and Ramirez Depositions

WPIX also seeks $8,616.58 for attorney fees and costs associated with depositions taken in Chicago and Florida. Local Civil Rule 30.1 provides that such fees and costs are taxable when, prior to the deposition, a party requests the Court to "issue an order providing that the other party shall pay the expense." Because WPIX made no such motion, these costs are not taxable. See, e.g., Burchette v. Abercrombie & Fitch Stores, Inc., No. 08 Civ. 8786 (RMB) (THK), 2010 U.S. Dist. Lexis 99551, at *18-19 (S.D.N.Y. Sept. 22, 2010); India.com, Inc. v.

2

Dalal, No. 02 Civ. 0111 (DLC), 2010 WL 2758567, at *5 (S.D.N.Y. July 13, 2010); Sovereign Partners Ltd. P'ship v. Rest. Teams Int'l, Inc., No. 99 Civ. 0564 (RJW), 2001 WL 30665 at *2 (S.D.N.Y. Jan. 12, 2001). Accordingly, WPIX's request for $8,616.58 in attorney fees and costs is denied.

III. Other Deposition Costs

WPIX seeks $5,558.84 for the deposition transcripts of certain other trial witnesses. These depositions were used and received in evidence at trial. Such costs are taxable under Rule 54.1(c)(2). Accordingly, WPIX motion for costs associated with the deposition transcripts that were used and received in evidence is granted.

## CONCLUSION

For the foregoing reasons, WPIX's motion is granted in part and denied in part. Defendant WPIX's motion for $8,961.53 in costs for daily trial transcripts and $8,616.58 in attorneys' fees and costs associated with two depositions is denied. Defendant WPIX's motion for $5,558.84 in costs for deposition transcripts is granted. The Clerk of the Court is directed to terminate the motion pending at ECF No. 90.

Dated:   December 11, 2012
         New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record*:

Kenneth Jason Rubinstein
Haynes and Boone, LLP
30 Rockefeller Plaza
26th Floor
New York, NY 10112
*Counsel for Plaintiff*

Edward Cerasia, II
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
1745 Broadway
22nd Floor
New York, NY 10019
*Counsel for Defendant*